UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**BRADLEY DICKSON**
    Plaintiff

**v.**                                                                                                                                     **No. 5:08CV-00192-J**

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Mark Edwards. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 14 and 15, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on August 26, 2008, by administrative law judge (ALJ) James Craig. In support of his decision denying Title XVI benefits, Judge Craig entered the following numbered findings:

1. The claimant has not engaged in substantial gainful activity since December 11, 2006, the application date (20 CFR 416.920(b) and 416.971 et seq.).

2. The claimant has the following severe impairment: affective disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: no detailed or complex work, no noisy distracting environments, no work at unprotected heights or around moving and dangerous machinery, no fast paced or quota based work. The claimant is limited to simple, unskilled work.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on March 5, 1966, and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 11, 2006, the date the application was filed (20 CFR 416.920(g)).

(Administrative Record (AR), pp. 12-16).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do

most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Discussion**

The plaintiff's primary contention upon judicial review is that the substantial weight of the evidence reflects that his affective disorder satisfies the medical criteria of Listing 12.04 ("affective disorder"). The plaintiff has the burden of proof on the issue of meeting or equaling the Listing at the third step of the sequential evaluation process. To meet a listing, a claimant must present specific medical evidence to satisfy all of the medical criteria. 20 C.F.R. § 416.925. To equal a listing, it is never sufficient to come close to meeting the criteria. *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir., 1989). Rather, a claimant must show that his impairment is unlisted but the medical evidence is "equal in severity to all the criteria for the one most similar impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990).

Listing 12.04 provides that an individual with the following medical condition is conclusively presumed to be disabled:

> *12.04 Affective Disorders:* Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>     1. Depressive syndrome ....
>     2. Manic syndrome ....
>     3. Bipolar syndrome ....
>
> B. Resulting in at least two of the following:
>     1. Marked restriction of activities of daily living; or
>     2. Marked difficulties in maintaining social functioning; or
>     3. Marked difficulties in maintaining concentration, persistence, or pace; or
>     4. Repeated episodes of decompensation, each of extended duration;

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> > 1. Repeated episodes of decompensation, each of extended duration; or
> > 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> > 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

In this case, the ALJ adopted the assessment of the so-called "B" criteria given by Tom Wagner, Ph.D. the medical advisor who testified at the administrative hearing on July 30, 2008 (AR, p. 14). On July 30, 2008, Dr. Wagner completed the psychiatric review technique form, finding, among other things, that the plaintiff has only 1) "mild" restriction of activities of daily living; 2) "moderate" difficulties in maintaining social functioning; 3) "moderate" difficulties in maintaining concentration, persistence, or pace; and 4) no episodes of decompensation, each of extended duration (AR, p. 279). The plaintiff's counsel admits that "Mr. Dickson's mental impairment did not result in any 'marked' limitations under the 'paragraph B' criteria" (Docket Entry No. 14, p. 1). The ALJ also adopted Dr. Wagner's finding that the "evidence does not establish the presence of the C criteria" (AR, p. 280). There is no evidence that any medical source has mentioned findings equivalent in severity to the criteria of any listed impairment. The magistrate judge concludes that, in light of Dr. Wagner's opinion, the absence of contrary medical opinion, and the plaintiff's own admission, the ALJ's finding that the plaintiff's affective disorder does not meet or equal Listing 12.04 is supported by substantial evidence.

Next, the plaintiff argues that, because his testimony and that of his mother were consistent as to the severity of his depression and anxiety, the ALJ erred in finding that his "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment" (AR, p. 14). The Commissioner's credibility determination is an open-ended multi-factors approach. See 20 C.F.R. § 416.929 ("How we evaluate symptoms, including pain") and Social Security Ruling (SSR) 96-7p. Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir., 2001). The ALJ and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir., 1986). The magistrate judge concludes that the plaintiff has failed to show that the ALJ acted outside his province or abused his discretion in reaching his credibility findings.

Finally, the plaintiff argues that there is a lack of substantial evidence in support of the ALJ's finding that he can perform even simple, unskilled work. This case was denied at the fifth and final step of the sequential evaluation process based upon testimony from a vocational expert (VE) that contemplated the limitations stated in ALJ's Finding No. 4. The magistrate judge concludes that the plaintiff has failed to identify any probative evidence in the administrative record of an additional, vocationally significant limitation which the ALJ was obliged to accept. Therefore, the vocational testimony in this case provides substantial evidence in support of the ALJ's finding that the plaintiff retains the ability to perform a significant number of simple, unskilled jobs in the national economy. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).